UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| USA NUTRACEUTICALS GROUP, INC. and ULTRA-LAB NUTRITION, INC., D/B/A BEAST SPORTS,<br><br>PLAINTIFFS<br><br>vs.<br><br>PROSUPPS USA, LLC. and T.J. HUMPHREYS<br><br>DEFENDANTS | Case No. _____<br><br><br>JURY REQUESTED |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS

This is a suit by Plaintiffs USA Nutraceuticals Group, Inc. and Ultra-Lab Nutrition, Inc., d/b/a Beast Sports (collectively "Beast Sports" or "Plaintiffs") against Defendant ProSupps USA, LLC ("ProSupps" or "Defendant") and T.J. Humphreys ("Humphreys" or "Defendant") (collectively "Defendants") for damages and injunctive relief arising out of Defendants' misappropriation and unauthorized use of Plaintiffs' trademarks. As set forth below, Defendants' unlawful acts constitute trademark infringement, unfair competition, and deceptive conduct under the Florida Deceptive and Unfair Trade Practices Act.

### PARTIES

1. Plaintiff USA Nutraceuticals Group, Inc. is a Florida corporation with an address at 3100 N.W. 2nd Avenue, Suite 213, Boca Raton, Florida 33431.

2. Plaintiff Ultra-Lab Nutrition, Inc., d/b/a Beast Sports is a Florida corporation with an address at 3100 N.W. 2nd Avenue, Suite 213, Boca Raton, Florida 33431.

3. Upon information and belief, Defendant ProSupps USA, LLC, is a Texas limited liability company with its mailing and contact information as 601 Century Parkway, Suite 300, Allen, TX 75013-8037.

4. Upon information and belief T.J. Humphreys is an individual residing in the State of Texas and is the Chief Executive Officer of ProSupps USA, LLC.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the federal trademark and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331, 1332 & 1338, and 15 U.S.C. § 1121.

6. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statute and the common law of the State of Florida pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. Defendants are subject to this Court's jurisdiction because, upon information and belief, Defendants regularly conduct business in this District, have committed the acts complained of herein in this District, and have caused harm in this District. In addition, Defendants operate a website which is viewable by citizens of this District and engage in social media marketing viewed by citizens of this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c); and Defendants do business in the Southern District of Florida by, among other things, selling their products within this District and publishing advertising materials within this District.

## FACTUAL BACKGROUND

9. This action arises from Defendants' unlawful use of Plaintiffs' BEAST and BEAST-related trademarks.

10. Beast Sports develops, markets and sells a wide range of sports nutrition supplements targeted towards athletes, fitness enthusiasts, weight lifters, bodybuilders and health conscientious individuals. Since at least as early as 1996, Beast Sports has branded itself and its products with its various trademarks, including without limitation: BEAST; BEAST. SINCE 1995; THE BEAST; BEAST SPORTS; BEAST MODE, BEAST STACK; TRAIN LIKE A BEAST; and BEAST PACKS ( collectively "Beast-related marks"). Examples follow:

Exemplary BEAST-branded Products



11. Beast Sports' high-quality sports nutrition supplements are widely available for retail purchase in brick and mortar stores throughout the United States. Beast Sports' supplements are also widely marketed and distributed by way of various Internet websites which are popular with fitness enthusiasts and athletes.

3

12. Beast Sports owns all rights to U.S. Trademark Registration No. 2,012,763 for THE BEAST mark, which is used in connection with "vitamins and nutritional food supplements." By virtue of Beast Sports' long and continuous use of its mark, the foregoing trademark registration is now legally incontestable pursuant to 15 U.S.C § 1065. A copy of U.S. Trademark Registration No. 2,012,763 is attached hereto as Exhibit A.

13. Beast Sports owns all rights to U.S. Trademark Registration No. 4,334,953 for the BEAST mark, which is used in connection with "Dietary and nutritional supplements." A copy of U.S. Trademark Registration No. 4,334,953 is attached hereto as Exhibit B.

14. Beast Sports owns all rights to U.S. Trademark Registration No. 4,405,431 for the BEAST. SINCE 1995 mark, which is used in connection with "Dietary and nutritional supplements" (among other things). A copy of U.S. Trademark Registration No. 4,405,431 is attached hereto as Exhibit C.

15. Beast Sports owns all rights to U.S. Trademark Registration No. 3,978,998 for the BEAST MODE mark, which is used in connection with "Dietary and nutritional supplements." A copy of U.S. Trademark Registration No. 3,978,998 is attached hereto as Exhibit D.

16. Beast Sports owns all rights to U.S. Trademark Registration No. 4,338,809 for the BEAST STACK mark, which is used in connection with "Dietary and nutritional supplements." A copy of U.S. Trademark Registration No. 4,338,809 is attached hereto as Exhibit E.

17. Beast Sports owns all rights to U.S. Trademark Registration No. 4,429,865 for the TRAIN LIKE A BEAST mark, which is used in connection with "Dietary and nutritional supplements." A copy of U.S. Trademark Registration No. 4,429,865 is attached as Exhibit F.

18. The use by Beast Sports of its distinctive BEAST-related marks for its quality nutritional supplement products has led Beast Sports to acquire valuable goodwill and name-recognition within the nutritional supplement and fitness industries.

19. Defendants are using one or more of Beast Sports' BEAST-related marks to promote and advertise Defendants' competing nutritional products.

20. Upon information and belief, Defendants have knowledge and continue to have knowledge of Beast Sports' prior use of the BEAST trademark, as well as Beast Sports' various BEAST-related marks, registrations and applications, and acted willfully and with intent to deceive consumers in its adoption and use of the BEAST mark(s).

21. Upon information and belief, Humphreys is the CEO of Defendant ProSupps and has control and responsibility for the marketing, promotion and sale of Defendant's products, and personally and directly benefits from the activities complained of therein.

22. Upon information and belief, Humphreys supervises, directs, actively participates in, knowingly caused, and has a financial interest in Defendant ProSupps' adoption and use of the infringing BEAST marks.

## COUNT I
## TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

23. Plaintiffs repeat and re-allege the foregoing paragraphs above as if fully set forth herein.

24. Plaintiffs have priority in that they have used the trademark BEAST and other Beast-related marks since long prior to Defendants' first use thereof.

25. Defendants' use of the BEAST and any other mark that incorporates the term "BEAST", in connection with dietary and nutritional supplements is likely to cause confusion,

mistake, and deception among consumers, the public, and the trade as to whether Defendants' products originate from, or are affiliated with, sponsored by, or endorsed by Plaintiffs.

26. Defendants' actions, as set forth, constitute infringement of Plaintiffs' foregoing trademark registrations in violation of the Lanham Act, 15 U.S.C. § 1114(1).

27. Defendants have acted with actual or constructive knowledge of Plaintiffs' trademarks and registrations, and upon information and belief, with deliberate intention to confuse consumers, or willful blindness to Plaintiffs' rights.

28. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

29. Upon information and belief, Defendants have made or will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

30. By reason of the foregoing, Plaintiffs have been and will continue to be irreparably harmed and damaged. Plaintiffs' remedies at law are inadequate to compensate for this harm and damage.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

31. Plaintiffs repeat and re-allege the foregoing paragraphs above as if fully set forth herein.

32. Defendants' use of various BEAST marks which are confusingly similar to Beast Sports' various BEAST-related marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Beast Sports, or as to

the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Beast Sports.

33. Defendants' actions, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

34. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

35. Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

36. Upon information and belief, T.J. Humphreys is the Chief Executive Officer of ProSupps, and has control and responsibility for marketing, promotion and sale of Defendants' products, and personally and directly benefits from the activities complained of herein.

37. Upon information and belief, T.J. Humphreys supervises, directs, actively participates in, knowingly caused, and has a financial interest in Defendants' adoption and use of the infringing BEAST marks.

38. By reason of the foregoing, Plaintiffs have been and will continue to be irreparably harmed and damaged. Plaintiffs' remedies at law are inadequate to compensate for this harm and damage.

**COUNT III**
**UNFAIR COMPETITION**
**Florida Common Law**

39. Plaintiffs repeat and re-allege the foregoing paragraphs above as if fully set forth herein.

40. This is a claim against Defendant ProSupps, for unfair competition under the common law of the State of Florida.

41. Defendant's use of Beast Sports' BEAST-related marks is likely to and does permit Defendant to pass off its products as those of Beast Sports, all to the detriment of Beast Sports and the unjust enrichment of Defendant.

42. Defendant's unauthorized use of the BEAST-related marks has caused and is likely to continue to cause damage to Beast Sports' valuable reputation and image associated with Beast Sports and its goods. Defendant has passed off its goods as those of Beast Sports by Defendant's misrepresentations to the public, members of which are likely to believe that Defendant's goods and the products they advertise emanate from, or are associated with, Beast Sports.

43. By reason of the foregoing, Defendant is liable to Plaintiffs for compensatory damages and/or Defendant's illicit profits.

**COUNT IV**
**STATE DECEPTIVE AND UNFAIR TRADE PRACTICES**
**FLA. STAT. § 501.204**

44. Plaintiffs repeat and re-allege the foregoing paragraphs above as if fully set forth herein.

45. Plaintiffs have suffered, and continue to suffer, actual injury in fact due to the deliberate acts of infringement by Defendant ProSupps, without regard to Plaintiffs' legal, contractual, and exclusive proprietary rights.

46. Defendant's knowing acts and practices as detailed above constitute acts of unlawful, unfair or deceptive business acts and practices that have a substantial likelihood of consumer confusion within the meaning of Florida's Deceptive and Unfair Trade Practices Act §

47. Defendant has engaged in transactions that are in violation of numerous provisions of Florida law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

A.   That Defendants and its agents, servants, employees, and attorneys and those persons in active concert or participation with or controlled by them be preliminarily and permanently enjoined from:

   i.   Using any of the BEAST-related marks;

   ii.   Using any mark or symbol that may be calculated to represent, or which has the effect of representing, that the services or products of Defendants are sponsored by, authorized by, or in any way associated with Plaintiffs; and

   iii.   Falsely representing that Defendant ProSupps is associated with or sponsored by Plaintiffs or engaging in any act which is likely to cause the trade or purchasing public to believe that Defendant ProSupps is in any way associated with or sponsored by Plaintiffs;

B.   That Defendants be required to account to Plaintiffs for any profits derived by it and for damages sustained by Plaintiffs by reason of the acts of trademark infringement, deceptive and unfair trade practices, and unfair competition complained of herein; and

C.   That judgment be entered against Defendants for:

   i.   Plaintiffs' damages and Defendants' profits; statutory damages; treble damages or profits, whichever are greater; prejudgment interest; and attorneys' fees pursuant to the Lanham Act for Defendants' willful infringement and counterfeiting of Plaintiffs' marks; and

9

ii.     That Defendants be required to pay to Plaintiffs the costs of this action.

D.     That this Court grant to Plaintiffs any further relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 8TH, 2014.                              Respectfully submitted,


By:   /s/ Adam D. Palmer
Adam D. Palmer, P.A.
Florida Bar No. 735220
SCHOEPPL & BURKE, P.A.
4651 N. Federal Highway
Boca Raton, FL 33431
Telephone: 561-394-5602
Facsimile: 561-394-3121
apalmer@schoepplburke.com

Attorneys for Plaintiffs
USA Nutraceuticals Group, Inc. and Ultra-Lab Nutrition, Inc., d/b/a Beast Sports

Of Counsel:

Rakesh Amin (*pro hac vice motion* to be filed)
AMIN TALATI, LLC
55 W. Monroe St., Suite 3400
Chicago, IL 60603
Telephone: (312) 327-3382
Facsimile: (312) 884-7352